# In the United States Bankruptcy Court
# For the Eastern District of Pennsylvania

In re:                                          : Chapter 13
                                                :
ROSEANN E. SNYDER                               :
a/k/a ROSEANN RUGGERIO,                          :
                                                :
                        Debtor.     : Bankruptcy No. 06-14762SR

_____

# Opinion

By: Stephen Raslavich, Chief United States Bankruptcy Judge.

## <u>Introduction</u>

Before the Court are the following: (1) Application for Compensation and Reimbursement of Expenses (the "Application"); and (ii) Supplemental Application for Compensation and Reimbursement of Expenses for Services Performed After Confirmation of Chapter 13 Plan (the "Supplemental Application"). In the Application, Debtor's counsel, Michael Bresnahan ("Counsel"), seeks an additional fee of $5,040.00 beyond the fee which he agreed to accept, with certain exceptions, for representing the Debtor in her Chapter 13 bankruptcy case. In the Application, Counsel also asks to be reimbursed for $124.95 in expenses.[1] In the Supplemental Application, Counsel seeks an additional $3,660.00 in fees for post-confirmation services. He also seeks to be

---

[1] In the Application, Counsel seeks reimbursement for the following expenses: (i) $88.20 for mileage, (ii) $31.00 for parking, (iii) $5.00 for copies; and (iv) .75 for faxes.

reimbursed for $85.55 in expenses.[2]

In a letter to the Court, the Debtor assented to reimbursing Counsel for the expenses which he listed in his Application and Supplemental Application (she assented by specifically stating that she did not object to paying such expenses) but objected to paying any further counsel fee. At the hearing on the applications, Counsel addressed the Court but offered no evidence, documentary or testimonial, to support his applications for the aforementioned fees. At the conclusion of the hearing, the Court took the applications under advisement. Upon consideration, Counsel's applications shall be granted in part and denied in part. Counsel shall be granted total compensation in the amount of $3,000 and reimbursement of expenses in the amount of $210.50.

## **Background**

The Commencement of Debtor's Bankruptcy Case
and Counsel's Fee Disclosure Statement

On October 18, 2006, Debtor commenced her Chapter 13 case by filing a Voluntary Petition for Relief. Docket Entry No. 1. On November 13, 2007, she filed the following documents: Schedules; Statement of Financial Affairs; Chapter 13 Statement of Current Monthly and Disposable Income; and her Chapter 13 plan. Docket Entry Nos. 12-24. On the same date, Counsel filed his Disclosure of Compensation of Attorney for Debtor (his "2016(b) Statement") listing the total amount owed for legal

---

[2] In his Supplemental Application, Counsel seeks reimbursement for the following expenses: (i) $12.75 for faxes; (ii) $48.00 for copies; (iii) $48.00 for postage; and (iv) $14.70 for mileage.

services as $3,000 with a balance due of $1,460.  Docket Entry No. 25.  The 2016(b)

Statement, which is dated November 13, 2006, bears the electronic signature of

Counsel certifying that "the foregoing is a complete statement of any agreement or

arrangement for payment to me for representation of the debtor(s) in this bankruptcy

proceeding."  Docket Entry No. 25.

In paragraphs 6 and 7 of the 2016 Statement, Counsel stated as follows:

6.      In return for the above-disclosed fee, I have agreed to render legal
        service for all aspects of the bankruptcy case, including:

        a.      Representation of the debtor in adversary proceedings and
                other contested bankruptcy matters;

        b.      [Other provisions as needed]
                Negotiations with secured creditors to reduce to
                market value; exemption planning; preparation and
                filing of reaffirmation agreements and applications as
                needed; preparation and filing of motions pursuant to
                11 USC 522(f)(2)(A) for avoidance of liens on
                household goods.

7.      By agreement with the debtor(s), the above-disclosed fee does not
        include the following service:

                Representation of the debtors in any dischargeability
                actions, judicial lien avoidances, relief from stay
                actions, response(s) and/or defense(s) to U.S.
                Trustee action(s) or any other adversary proceeding.

Docket Entry No. 25.   Significantly, paragraphs 6 and 7 are inconsistent in that

paragraph 6 states that the $3,000 fee charged by Counsel includes representation of

the debtor in "adversary proceedings and other contested bankruptcy matters."  All of

the matters excluded pursuant to Paragraph 7 are either adversary proceedings or

contested matters.

What Happened in Debtor's Bankruptcy Case

On November 20, 2007, Mortgage Electronic Registration Systems, Inc. ("MERS")

filed an objection to confirmation of the Debtor's Chapter 13 plan.  Docket Entry No. 30.

However, Debtor filed an objection to MERS' proof of claim and that objection was

settled, presumably mooting the objection to confirmation.  Docket Entry Nos. 51 & 64.

During the course of Debtor's bankruptcy case, the Chapter 13 Trustee filed

three motions to dismiss, all of which were withdrawn at the hearing scheduled for the

particular motion.  Docket Entry Nos. 36 & 97 (first motion to dismiss), 115 & 131

(second motion to dismiss), 142 & 161 (third motion to dismiss).  On September 20,

2007, a motion for relief from the automatic stay was filed by Cenlar, FSB ("Cenlar") but

that was settled on the hearing date of October 24, 2007.  Docket Entry Nos. 74 & 92.

No stipulation was filed.  On November 29, 2007, Cenlar filed a preacipe to have the

motion re-listed and another hearing date was scheduled for the motion.  Docket Entry

No. 100.  On the hearing date, the motion was settled again and a stipulation for the

settlement was filed on March 13, 2008.  Docket Entry Nos. 106 & 107.  On May 21,

2008, an amended stipulation regarding the settlement was filed.  Docket Entry No.

110.  In the amended stipulation, the amount listed for the debtor's post-petition

arrearages on her residence are listed as $13,532.87 rather than at $14,204.75 as

stated in the original stipulation.  See id.

During her bankruptcy case, Debtor's Summary of Schedules as well as her

4

individual Schedules were amended and a Supplemental Matrix was filed.  Docket Entry
Nos. 42-46, 79-82, 84 & 86.   Her Chapter 13 Statement of Current Monthly of
Disposable Income was also amended.  Docket Entry No. 83.  In addition, her Chapter
13 plan was amended four times (meaning that after her first plan was filed, there was
a second amended plan, a third amended plan, a fourth amended plan and, finally, a
fifth amended plan).  Docket Entry Nos. 28, 69, 77, 119 & 139.  The third amended
plan was confirmed on November 7, 2007, but, after confirmation, Debtor's counsel
filed a motion to modify the plan.  Docket Entry No. 117.  He subsequently withdrew
that motion but, very shortly thereafter, filed another motion to modify which resulted
in the filing of Debtor's fifth amended plan.  Docket Entry Nos. 123, 127, 136 & 139.
Under the plan, all unsecured creditors will be paid in full.[3]  See Docket Entry No. 139.

There was only one claim objection in the case.  Docket Entry No.  51.  The
objection was to MERS' proof of claim as mentioned above.  The objection was settled.
Docket Entry No. 64.

Notably, no adversary actions were filed by or against the Debtor and no

---

[3]  Paragraphs 1 and 2 of the Debtor's Fifth Amended Chapter 13 Plan provide:

1.    If the instant estate were liquidated under
chapter 7 of the Bankruptcy Code, the allowed
unsecured claimants would be paid 100%.

2.    Under this plan the allowed unsecured
claimants will receive not less than that
amount.

Docket Entry No. 139.

5

evidentiary hearings were held in the case.  The §341 meeting of creditors was held but not concluded on January 18, 2007.  It appears from the Docket that additional information was requested by the Chapter 13 Trustee.  The meeting of creditors was concluded on November 1, 2007.

Counsel's Fee Applications

Counsel filed both of his fee applications on May 3, 2010.  Counsel attached a Disclosure of Compensation for Attorney for Debtor (the "Subsequent 2016(b) Statements") to both his Application and Supplemental Application.  Exhibit "A" to Application, Docket No. 145 & Exhibit "A" to Supplemental Application, Docket Entry No. 150.

While both of the Subsequent 2016(b) Statements bear the same date as the original Rule 2016(b) Statement which was electronically filed on November 13, 2007 and appears on the Docket at Entry No. 25, the Subsequent 2016(b) Statements are not the same.[4]  In paragraphs 6 and 7, they are markedly different from the 2016(b) Statement.  In the Subsequent 2016(b) Statements which Counsel filed with his fee applications, paragraphs 6 and 7 state:

> 6.      In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
>
>> a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

---

[4]  The Subsequent 2016(b) Statements that are attached to the Application and the Supplemental Application are even slightly different from each other (in style – not in substance).

b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;

c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

d. [Other provisions as needed]

7.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:

Representation of the debtor(s) in any Dischargeability action(s), Amendment(s), Redemption matter(s), Reaffirmation(s), Cramdown(s), Lien Avoidance(s), preparation and filing of motions(s) pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods and/or real estate, Motion(s) to Dismiss, Relief from Stay action(s), response(s) and/or defense(s) to U.S. Trustee requests for additional information and or action(s), any adversary proceeding(s) and any contested matter(s).

Significantly, the Subsequent 2016(b) Statements bear Counsel's electronic signature and certify that "the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding." Counsel did not identify his Subsequent 2010 Statements as being amendments to his original 2016(b) Statement nor did he advise the Court that he had attached Subsequent 2016(b) Statements to his application that were different from his original 2016(b) Statement.

Debtor's Letter Objection to the Fee Applications

On May 21, 2010, Debtor filed her letter objection to Counsel's fee applications.

In the letter, she states:

> In reference to the Chapter 13 bankruptcy case of Roseann
> Synder, bankruptcy # 06-14762-SR, and concerning the
> matter of debtor's counsil's [sic] application for
> compensation and fees, I hereby state my objection to this
> application and request a hearing be held to determine why
> these fees would not be included in the contractually agreed
> upon fee for filing this bankruptcy.  Debtor's council [sic]
> agreed to perform the duties of filing a Chapter 13
> bankruptcy for the fee of $3000.00, which he has received.
> I have no objection to paying actual expenses incurred
> during that process, but the proposed recompense for fees
> totaling $11,700, bringing the total compensation to nearly
> five times the agreed upon amount, is completely
> unwarranted.  I therefore ask that a hearing be scheduled to
> determine that I have met my financial obligation under the
> agreement with council [sic] and that no further
> compensation is due.

Docket Entry No. 155.

The Hearing on Counsel's Fee Applications

On July 14, 2010, a hearing was held on Counsel's fee applications.  At the

hearing, the Court specifically advised Counsel that it considered the amount of fees

which he was requesting to be quite out of the ordinary in a Chapter 13 case.

Nevertheless, Counsel failed to introduce any evidence in support of his applications

(documentary or testimonial).  Consequently, while the record before the Court includes

all of the documents which are on the docket in this bankruptcy case, it does not

include any evidence of a fee agreement (signed or oral) between himself and the

Debtor indicating that she agreed to pay any additional fee for services not noted in the

2016(b) Statement which Counsel originally filed.   Moreover, there is no evidence that

Debtor agreed to pay Counsel any particular hourly rate for any additional fees which he

might be owed over and above the $3,000 amount.

## Discussion

(I) Discussion of Fees and Expenses to be Allowed

Pursuant to 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016(b), a debtor's attorney is

required to file, within fifteen days of the commencement of a debtor's bankruptcy

case, a disclosure of the amount of compensation that has or will be received in

consideration for services rendered in connection with the bankruptcy case.  See 11

U.S.C. §329; Fed. R. Bankr. P. 2016(b).  Counsel complied with that requirement by

filing his 2016(b) Statement.

Counsel seeks a total of $8,040 for pre-confirmation services.  He also seeks

$3,660 for post-confirmation services.  In this district, the Local Bankruptcy Rules

permit counsel for a Chapter 13 debtor with an above-median income like the Debtor to

file a short form application for counsel fees when he or she "will receive total

compensation of $3,500 or less for all services rendered before confirmation."  Local

Bankruptcy Rule 2016-2(1)(A).[5]  Because the short form application does not require

counsel to submit itemized time records setting forth the dates and amount of time

_____

[5]  For a Chapter 13 debtor with below-median income, the short form application
may only be used if counsel is seeking to receive a total fee of $3,000 or less for all
services rendered before confirmation. See Local Bankruptcy Rule 2016-2(a)(1)(B).

expended for each service performed for the debtor to obtain approval of compensation

in the amount of $3,500 or less, this arrangement is often referred to as the "no-look"

procedure or "no-look" counsel fees.  See In re Murray, 2007 WL 2317523, at *2

(Bankr. E.D. Pa. August 6, 2007); In re Lewis, 346 B.R. 89, 97 (Bankr. E.D. Pa. 2006);

Messner v. Commerce Bank/Harrisburg, N.A. (In re Smith), 331 B.R. 622, 629 (Bankr.

M.D. Pa. 2005).

However, since Counsel is seeking more than $3,500 for the pre-confirmation

services which he provided to Debtor, he was required to file a "long application that

conforms substantially with" Local Bankruptcy Form 2016-B.  Because he is also seeking

to recover for services which he performed post-confirmation for the Debtor, he was

required to submit a separation application for such fees, which he did.

Even absent an objecting party, this Court has a duty to review fee applications

to determine the propriety of compensation requested.   In re Busy Beaver Building

Centers, Inc., 19 F.3d 833, 841-45 (3d Cir.1994).  In Busy Beaver, the Third Circuit

explained:

> [T]he integrity of the bankruptcy system ... is at stake in the
> issue of a bankruptcy judge's performance of the duty to
> review fee applications sua sponte. The public expects, and
> has a right to expect, that an order of a court is a judge's
> certification that the result is proper and justified under the
> law.... Nothing better serves to allay [public perceptions that
> high professional fees unduly drive up bankruptcy costs]
> than the recognition that a bankruptcy judge, before a fee
> application is approved, is obliged to [review it carefully] and
> find it personally acceptable, irrespective of the (always
> welcomed) observation of the [United States trustee] or
> other interested parties.

Id. at 841 (quoting In re Evans, 153 B.R. 960, 968 (Bankr. E. D. Pa.1993)).

Pursuant to Code §330(a)(4)(B), a court, in a Chapter 13 case in which the

debtor is a individual, "may allow reasonable compensation to the debtor's attorney for

representing the interests of the debtor in connection with the bankruptcy case based

on a consideration of the benefit and necessity of such services to the debtor" and the

following other factors:

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3).

Counsel, as the moving party, bears the burden of proof in establishing that he is

entitled to the fees which he requests.  In re Murray, 2007 WL 2317523, at *2 (Bankr.

E.D. Pa. August 6, 2007).  Counsel has failed to establish that he is entitled to more

than the $3,000 in fees in accordance with the amount set forth in his 2016(b)

Statement.

Counsel failed to submit or introduce any written engagement agreement (other

than the 2016(b) Statement which was filed with the Court) between himself and

Debtor.   As noted by the court in In re All Cases of Musher, 387 B.R. 669 (Bankr. W.D.

Pa. 2008):

> As a general matter, in connection with any legal
> representation of a client by an attorney practicing in
> Pennsylvania, the attorney is required to communicate the
> basic rate of the fee and other terms of compensation to the
> client in writing if the attorney has not previously
> represented the client on a regular basis.  See Pa.R.P. C.
> 1.5(b). In bankruptcy, the scrutiny of attorney fee matters is
> further heightened, with judicial oversight of the process.
> See, e.g., 11 U.S.C. § 330 (procedure for court to award
> professional fees and expenses); L.R.2016-1(B) (no
> compensation or expense allowed to any professional except
> on stated conditions.  See also In re Mayeaux, 269 B.R.
> 614, 628 (Bankr. E. D. Tex. 2001) ("The honest and
> comprehensive disclosure of compensation payments plays
> such a vital role in maintaining the integrity of the
> bankruptcy system that a bankruptcy court is compelled to
> enforce these disclosure provisions in an aggressive manner,
> even when the underlying case has been subsequently
> dismissed.").

387 B.R. at 674.

In addition, Counsel failed to introduce any other evidence (such as testimony

from the Debtor) to establish that the Debtor had agreed to pay him for services not

excluded in his 2016(b) Statement.  Consequently, the only item in the record which

discloses the fee arrangement between Counsel and the Debtor is his 2016(b)

Statement.  Since Counsel's duty is to candidly and fully disclose his fee arrangement with the Debtor, the Court's ruling herein shall be determined in accordance with the 2016(b) Statement which Counsel originally filed.  Moreover, the language of the 2016(b) Statement shall be construed against Counsel and in favor of the Debtor since he obviously drafted it and not the Debtor.

Based on paragraph 6 of the 2016(b) Statement, Counsel agreed to represent the Debtor for the lump sum of $3,000 in all aspects of her Chapter 13 the case including representing her in adversary proceedings and contested bankruptcy matters. The additional fees, for which Counsel seeks payment in his Application above the $3,000 lump sum amount, are fees relating to the following matters:

(1)     Debtor's claim objection against Mortgage Electronic
         Registration Systems;

(2)     The objection which Mortgage Electronic Registration
         Systems filed to confirmation;

(3)     Preparation of an amended plan;

(4)     Amendments to the Debtor's 22C statement and Schedules F
         and J;

(5)     The Trustee's motion to dismiss;

(6)     Debtor's plan and mortgage payments;

(7)     The motion for relief from the automatic stay which Cenlar,
         FSB filed; and

(8)     The filing of a proof of claim.

Out of these services, the only items within the purview of the services listed in

paragraph 7 of Counsels's original 2016(b) Statement are the ones relating to: (i) the

Trustee's motion to dismiss; and (ii) Cenlar, FSB's motion for relief from the stay.

Consequently, all of the other matters listed above were not excluded by paragraph 7 of

Counsel's 2016(b) Statement.   Moreover, although Counsel's defense of the Debtor in

response to the Trustee's motion to dismiss and Cenlar, FSB's motion for relief from the

stay were excluded services pursuant to paragraph 7 of the 2016(b) Statement, they

constitute contested bankruptcy matters.   As noted above, Paragraph 6(a) of the

2016(b) Statement specifically states, in conflict with Paragraph 7, that the $3,000 fee

charged by Counsel includes "[r]epresentation of the debtor in adversary proceedings

and other contested bankruptcy matters."   Since the Court is construing the 2016(b)

Statement against Counsel and in favor of the Debtor, the conflicting paragraphs shall

be resolved in favor of the Debtor.   Thus, pursuant to his 2016(b) Statement, Counsel

agreed, for the fee of $3,000, to represent the Debtor in her bankruptcy case in all

contested matters.   Therefore, there are no services listed on Counsel's Application that

were outside of the scope of services which he agreed to provide for the $3,000 fee

listed on his 2016(b) Statement.[6]

---

[6]   In In re Murray, 2007 WL 2317523 (Bankr. E.D. Pa. 2007), wherein the
Chapter 13 debtor's counsel's fee application varied from the 2016(b) Statement which
he filed, the court observed:

> The significance of the conflict between the Application and
> the 2016(b) Statement should not be minimized. While 11
> U.S.C. § 330(a) authorizes the bankruptcy court to allow
> reasonable compensation to the debtor's counsel as an
> administrative expense, the implicit foundation for the

(continued...)

The services for which Counsel is seeking payment in his Supplemental

Application relate to the following matters:

(1)    Motion for Relief from the Automatic Stay filed by
       Cenlar, FSB and mortgage payments made/not made
       by Debtor;

(2)    The stipulation of settlement between Debtor and
       Cenlar, FSB;

(3)    The amended stipulation of settlement between
       Debtor and Cenlar, FSB;

(4)    Motion to Dismiss by the Chapter 13 Trustee;

(5)    Motions to modify the Debtor's Chapter 13
       plan;

(6)    Drafting of the amended plans; and

(7)    Communication regarding missed payments on
       Debtor's Chapter 13 plan and the amount of
       her arrears.

See Exhibit B to Supplemental Application.  As with Counsel's Application, the services

listed above are within the scope of services set forth in paragraph 6 of his 2016

Statement.  While Counsel specifically excluded "relief from stay actions" and

---

[6](...continued)
        exercise of that authority is the existence of a contractual
        basis under state law for the debtor's payment obligation to
        his or her counsel. In other words, counsel's right to
        payment is grounded in his or her retention agreement with
        the debtor while also regulated by the operation of 11 U.S.C.
        § 330 and related provisions of the Bankruptcy Code and
        rules of court.

Id. at 4.

"response(s) and/or defense(s) to U.S. Trustee action(s)" in paragraph 7 of the

Statement, that exclusion is inconsistent with his statement in paragraph 6 that, [i]n

return for the above-disclosed fee, I have agreed to render legal services for all aspects

of the bankruptcy case, including .... [r]epresentation of the debtor in adversary

proceedings and other contested bankruptcy matters[.]   See 2016 Statement, Docket

Entry No. 25.

Admittedly, counsel rendered services to the Debtor after her plan was confirmed

to assist her when she failed to make the plan payments required thereunder; however,

Counsel has not provided the Court with any evidence that there was an agreement

between him and the Debtor that she would pay him any additional fee for these

services.  It is Counsel's burden to show the terms of his engagement agreement with

the Debtor.  Based on her letter to the Court, she plainly did not have any

understanding that she would be expected to pay Counsel more than $3,000 for his

services.  Moreover, her understanding, based on the services for which Counsel is

seeking additional fees, is consistent with the arrangement set forth in Counsel's

2016(b) Statement, as interpreted by this Court.  Counsel has offered no evidence to

show that Debtor agreed to any other fee arrangement.

Based upon Counsel's time records and the docket in this Chapter 13 case, the

Court concludes that Counsel adequately and diligently represented the Debtor in this

case.  However, Debtor's case was not complex.  While it required Counsel to file

amended schedules and amended plans, that scenario is not unusual in Chapter 13

16

cases.  Moreover, it is not at all unusual for a Chapter 13 case to involve motions for relief from stay, motions to dismiss by the trustee, objections to confirmation and objections to claims.  See In re Luna, 2007 WL 4287388, at *1 (Bankr. E.D. Cal. Dec. 5, 2007) (observing that although the debtor's Chapter 13 counsel had to "respond to various motions for relief from stay and the trustee's motion to dismiss, there [was] nothing out of the ordinary" about the Debtor's Chapter 13 case.").  This case consisted of one motion for relief from stay which was settled, one claim objection which was settled, one objection to confirmation and three motions to dismiss by the trustee, all of which were withdrawn before the hearing date.  Accordingly, there were <u>no</u> evidentiary hearings in this case, let alone a time-consuming one.  Yet, Counsel is seeking an award of fees that is nearly <u>three</u> <u>times</u> the flat fee amount identified in his 2016(b) Statement.  In a case like this, where all of the services which counsel rendered to the debtor were included in his flat fee based on his 2016(b) Statement, such a fee request is neither reasonable nor acceptable.

In this district, our local rule allowing attorneys to file short form applications for compensation for services rendered prior to confirmation does not specifically state what services must be provided in order for counsel to earn the no-look fee.  In other jurisdictions, "courts have developed concomitant standard services that attorneys are expected to perform to earn the fee."[7]  See Messner v. Commerce Bank/Harrisburg,

---

[7]  Interestingly, the court in In re Grubb, 2010 WL 396181 (Bankr. E.D. Va. Jan. 25, 2010), explained that its district adopted a standing order which: (i) provides for a no-look fee; (ii) requires the no-look fee to cover all "services that would reasonably be

(continued...)

N.A. (In re Smith), 331 B.R. 622, 629-30 (Bankr. M.D. Pa. 2005); see also In re

Wesseldine, ___ B.R. ___, 2010 WL 889556, at *5 (Bankr. N.D. N.Y. March 8, 2010)

(observing that, in setting flat fee for cases in the Utica Division, the bankruptcy court

"unequivocally addressed the standard services that attorneys are required to perform

to earn the fee."). Nevertheless, as the Bankruptcy Court in Messner explained:

> Regardless of whether the court specifies which services are
> to be performed in order to earn the flat fee, there is an
> expectation that the amount of the fee will be sufficient to
> fairly compensate a competent attorney for rendering
> services routinely performed in a typical Chapter 13 case.
> The flat fee is not intended to serve as a retainer against
> which an attorney charges time expended until the retainer
> is exhausted, followed by an application for compensation
> for any remaining unpaid services.

Id. at 630. [8]

---

[7](...continued)
expected in order to obtain confirmation of a plan ...."; and (iii) provides a "menu of
supplemental fees to accommodate services that counsel may be required to render in
addition to those routinely provided to obtain plan confirmation." Id. at *3.

[8] The bankruptcy court in Messner noted that in the Western District of
Pennsylvania, the court had not established a flat fee in Chapter 13 cases either
through the local rules or by order, but that the "Chapter 13 Trustee for the district has
set a policy that a debtor's attorney may receive fees of $2,500.00 or less without filing
a fee application." 331 B.R. at 631. The bankruptcy court expressed its opinion that
"the use of a 'no-look' fee seem[ed] ill-advised without some understanding between
the bar and the Chapter 13 Trustee as to what services [would] be provided for the
fee." Id. Nevertheless, the bankruptcy court observed:

> There is no definitive list of services that courts agree are
> routine and customary. Most courts agree that counseling a
> debtor about the various bankruptcy chapters as well as
> alternatives to bankruptcy is a routine service incorporated
> within any flat fee. But some courts regard defending a

(continued...)

It is this Court's view that a Chapter 13 attorney who opts to use a flat fee

approach (whether at or under the no-look fee or higher) should set a flat fee that will

encompass the vast majority of work that is reasonably foreseeable in a client's case.

Certainly, sometimes circumstances will arise that require significantly more work than

could have reasonably been anticipated even by a competent Chapter 13 attorney, but

that should be the exception and not the rule.   In this case, no unusual circumstances

occurred that would justify Counsel requesting a fee that is more than two times the

amount of the no-look fee (of $3,500) for above-median income debtors and is three

times the amount of the flat fee identified in his 2016(b) Statement.   As the Court

stated in In re Wesseldine, ___ B.R. ___, 2010 WL 889556 (Bankr. N.D. N.Y. March 8,

2010):

> This choice of fee arrangement [whether an hourly fee or a
> flat fee arrangement] by counsel upon acceptance of a new
> case begs the question as to what constitutes a typical
> Chapter 13 case. "Even if one starts with the premise that
> each [C]hapter 13 case is unique, it is fair to say that a great
> number of [C]hapter 13 cases share common or typical
> elements."  In re Dabney, 417 B.R. at 834.  Most Chapter 13
> cases involve secured debt, such as a house and automobile,

---

[8](...continued)
motion for relief from the automatic stay as "routine" and
other courts do not.

Id.  The bankruptcy court in Messner felt it ill-advised to "mandate a list of minimum
services that must be included in any "no-look" fee without additional input from the
local bar regarding market practices."  Instead, the court used the approach being used
in the instant case of determining whether the services listed in the fee application at
issue were encompassed in the list of services described in the 2016(b) Statement
which the counsel, whose application was before the court, had filed.  See id.

> as well as other secured debt, including judgment liens or
> claims based on financing of other personal property. Id.  It
> is common for Chapter 13 debtors, who may be facing
> foreclosure of their home, to have priority tax debt owed to
> federal, state, or local taxing authorities.  Id.  A Chapter 13
> debtor's attorney must therefore anticipate time and effort to
> account for issues such as requests for stay relief, the
> determination of sufficient cure payments for mortgage
> arrears claims, adequate protection payments for secured
> creditors, applicable interest rates on secured claims,
> whether liens may be avoided, or whether cramdown is
> available. Id.

2010 WL 889556, at *5.  Competent attorneys who regularly represent Chapter 13

debtors should be able to evaluate each case which they accept and, if opting to utilize

the flat fee approach, make an educated determination of the amount of fees that the

case will require.  When the case will require services beyond those needed in a typical

Chapter 13 case, such as when the case will involve a dischargeability proceeding or

TILA litigation, etc., it is understandable and appropriate in those circumstances for an

attorney to exclude such services from his or her flat fee.  Of course, the exclusion of

such services should be specifically noted in the Disclosure of Compensation of Attorney

for Debtor form which the attorney files.  The form provides space for such exclusions

for that reason.

Chapter 13 debtors file bankruptcy to get their financial affairs in order and

obtain a "fresh start."  Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 367

(2007) (citing Grogan v. Garner, 498 U.S. 279, 286- 287(1991)).  In a case in which no

distribution will be made to unsecured creditors, it may be imperative for the Chapter

13 debtor to know from the outset the amount which she will be charged by counsel so

20

that she can make an informed decision on whether to proceed under Chapter 13.

Otherwise, the fresh start which the debtor seeks by filing her Chapter 13 case could

prove to be nothing but a mirage.[9]

Accordingly, based on the fee agreement between Counsel and the Debtor and

Counsel's time records, the Court shall approve Counsel's fee in the amount of $3,000

but shall not approve any additional fees.  See In re Murray, 2007 WL 2317523, at *4

(Bankr. E.D. Pa. August 6, 2007) ("[I]f the debtor's counsel and the debtor enter into a

flat fee agreement for the provisions of all of the services the debtor requires in the

chapter 13 case, the bankruptcy court may award the flat fee (if it is reasonable), but

may not augment the award if the representation entailed more services by counsel

than anticipated.").  The Court shall also allow Counsel to be reimbursed by the Debtor

for expenses in the amount of $210.50 since the Debtor did not object to paying them.

(II) The Filing of Different 2016(b) Statements

Counsel's submission of different 2016(b) Statements with his Application and

Supplemental Application is disturbing.  As the Court observed above, Counsel

submitted the Subsequent 2016(b) Statements without advising the Court that they

were different in any way from his original 2016(b) Statement and with no notation on

---

[9]  As my colleague, the Honorable Eric L. Frank noted in In re Murray, 2007 WL
2317523, at *1 (Bankr. E.D. Pa. August 6, 2007), counsel fees allowed in a Chapter 13
case are administrative expenses under Code § 503(b)(2) which means that they must
be paid in the debtor's Chapter 13 plan.  Consequently, the approval of an attorney's
fee in an amount which is substantially higher than the debtor or his counsel anticipated
at the outset of a Chapter 13 case could bring the success of the debtor's Chapter 13
case, wherein no distribution is being made to unsecured creditors, to a screeching halt.

the subsequent statements that they constituted an amendment from his original

2016(b) Statement.  Indeed, the Subsequent 2016(b) Statements bear the same date

as his original 2016(b) Statement, thus creating the distinct mis-impression that the

Subsequent 2016(b) Statements are one and the same as the original 2016(b)

Statement filed on November 13, 2006.  Under the Subsequent 2016(b) Statements,

Counsel specifically excluded services from the $3,000 disclosed fee that he had not

excluded on his original 2016(b) Statement.  This conduct raises grave implications

regarding Counsel's veracity.  Such conduct provides additional grounds for denying

Counsel fees above the $3,000 flat fee disclosed in his original 2016(b) Statement. In In

re Cohagan-Deubel, 2002 WL 1046715 (Bankr. D. Colo. May 17, 2002), the court

observed:

> Numerous courts have held that bankruptcy courts have
> broad and inherent authority to deny any and all
> compensation where an attorney fails to satisfy the
> disclosure requirements of the Code and Rules, regardless of
> whether the fees charged are determined to be excessive.
> Simply put, "an attorney who fails to comply with the
> requirements of § 329 forfeits any right to receive
> compensation for services rendered on behalf of the debtor,"
> and may be ordered to disgorge any payments received.
> This is true even if the noncompliance is unintentional,
> negligent, or inadvertent.

Id. at *14 (citations omitted).  Counsel is admonished that by submitting the

Subsequent 2016(b) Statements, he misled the Court.  If he ever does so again,

Counsel will face the prospect of being denied any compensation for his services.

Counsel should also be aware that his submission of Subsequent 2016(b)

22

Statements that are different from each other and from his original 2016(b) Statement

without alerting the Court that such documents were being filed raises implications of

whether Counsel violated Fed. R. Bankr. P. 9011.  Subsection (b) of this rule provides:

> (b) Representations to the court
>
> By presenting to the court (whether by signing, filing,
> submitting, or later advocating) a petition, pleading, written
> motion, or other paper, an attorney or unrepresented party
> is certifying that to the best of the person's knowledge,
> information, and belief, formed after an inquiry reasonable
> under the circumstances,
>
> > (1) it is not being presented for any improper
> > purpose[.]

Fed. R. Bankr. P. 9011.  Counsel's submission of conflicting 2016(b) Statements could

potentially qualify as an intentional misrepresentation to the Court for the "improper

purpose" of obtaining fees to which he is not entitled.  As Counsel surely knows,

violations of Rule 9011(b) are sanctionable.  See Fed. R. Bankr. P. 9011(c).   However,

because Counsel appears to have diligently represented the Debtor in this case, which

bodes in his favor, and based on the assumption that Counsel will not engage in such

behavior again, the Court will not proceed, in this instance, under Rule 9011.  In the

future, the Court will not be as lenient.

## Summary

Pursuant to the original 2016(b) Statement which Counsel filed and there being

no other evidence in the record before the Court of any engagement agreement

between Counsel and the Debtor that entitles him to any additional fee above the

$3,000 listed on his original 2016(b) Statement, Counsel shall be allowed a fee in the

amount of $3,000 for his representation of the Debtor in her Chapter 13 bankruptcy case and expenses in the amount of $210.50.  An order to this effect shall be issued.

By the Court:

_____
Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: September 14, 2010

## In the United States Bankruptcy Court
## For the Eastern District of Pennsylvania

In re:                                    : Chapter 13
                                          :
ROSEANN E. SNYDER                         :
a/k/a ROSEANN RUGGERIO,          :
                                          :
                        Debtor.    : Bankruptcy No. 06-14762Sr

_____

# ORDER

**AND NOW,** upon consideration of the Application for Compensation and

Reimbursement of Expenses and the Supplemental Application for Compensation and

Reimbursement of Expenses for Services Performed After Confirmation of Chapter 13

Plan, it is hereby **ORDERED** that:

    (1)    The Application and Supplemental Application are granted in part and denied in part;

    (2)    Counsel is allowed total compensation in the amount of $3,000 for his pre- and post-confirmation representation of the debtor, Roseann E. Snyder a/k/a Roseann Ruggerio ("Debtor"); and

    (3)    Counsel is allowed reimbursement of expenses in the amount of $210.50.

    (4)    In all other respects the Applications are Denied.

By the Court:

_____
Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: <u>September 14, 2010</u>

Counsel for the Debtor
Michael J. Bresnahan, Esquire
310 North High Street
West Chester, PA 19380

Debtor
Roseann Elaine Synder
3 Justin Lane
Coatesville, PA 19320

Chapter 13 Trustee
Frederick L. Reigle
Chapter 13 Trustee
2901 St. Lawrence Ave.
P.O. Box 4010
Reading, PA 19606

Office of the United States Trustee
George Conway, Esquire
Office of the United States Trustee
833 Chestnut Street
Suite 500
Philadelphia PA 19106

Courtroom Deputy to Judge Raslavich
Nancy Mulvehill